# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Anita Jean (Crookshank) Shelton, Petitioner Below,**
**Petitioner**

**vs)  No. 14-1146** (Berkeley County 14-D-40)

**Robert Crookshank, Respondent Below,**
**Respondent**

**FILED**

November 23, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Pro se petitioner Anita Jean Shelton appeals the Circuit Court of Berkeley County's September 17, 2014, amended order refusing her petition for appeal from the family court.[1] Pro se respondent Robert Crookshank filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the family court erred in making various findings of fact and conclusions of law in its "Final Divorce Order."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in June of 1999, and there were no children born as a result of the marriage. In August of 2011, the parties separated. Thereafter, in 2014, petitioner initiated divorce proceedings, but refused to admit that irreconcilable differences existed and refused to agree to a divorce on the ground that the parties lived separate and apart for more than one year.

In June of 2014, the family court held a final hearing in the divorce proceedings. Ultimately, the family court found that the parties lived separate and apart without any cohabitation and without interruption for over one year and granted the divorce on this ground, while noting petitioner's objection. The family court then heard testimony concerning equitable distribution of the marital assets and ruled on that matter. The family court's "Final Divorce Order" was then entered on July 22, 2014. Thereafter, petitioner appealed to the circuit court.

By order entered on September 10, 2014, the circuit court refused petitioner's appeal as untimely, finding that she filed her petition for appeal on August 25, 2014, which was thirty-four days after entry of the final order in family court. On September 17, 2014, the circuit court

---

[1]The Court notes that petitioner has adopted a new last name following the divorce proceedings below. As such, the style of the proceedings in this Court reflects that change.

entered an amended order refusing petitioner's appeal. In the amended order, the circuit court noted that petitioner filed her appeal by facsimile on August 22, 2014, which was still outside the thirty-day window for appeals from family court. It is from this order that petitioner appeals.

We have previously established the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). To begin, it is important to note that petitioner's assignments of error to this Court concern only the family court's rulings in regard to the "Final Divorce Order." On appeal, petitioner raises no assignment of error concerning the circuit court's refusal of her petition for appeal as untimely and she presents no evidence to allege that this finding was in error. As such, we find no error in the circuit court's refusal of the petition for appeal and are precluded from reviewing the family court's ruling because of petitioner's failure to timely appeal the same.

Pursuant to West Virginia Code § 51-2A-11 and Rule 28 of the Rules of Practice and Procedure for Family Courts, appeals of family court orders are required to be filed no later than thirty days following the entry of the appealable order. In this matter, the circuit court clearly found that petitioner failed to file her appeal within that time frame, and petitioner has alleged no facts on appeal that would call that finding into question. As such, we find no error by the circuit court in refusing petitioner's appeal. Because petitioner failed to timely appeal the family court's July 22, 2014, "Final Divorce Order," the same is hereby affirmed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 23, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II